UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUSAN BARNUM,

       Plaintiff,

v.                    Case No. 8:14-cv-496-T-33TBM

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

       Defendant.
_____/

**ORDER**

This cause comes before the Court in consideration of Plaintiff Susan Barnum's Motion to Strike Defendant's Claim of Federal Preemption under 29 U.S.C. § 1132(e) as a Basis for Removal of Plaintiff's State Court Claim (Doc. # 11), filed on March 17, 2014. Defendant Unum Life Insurance Company of America filed a response in opposition to the Motion on April 3, 2014. (Doc. # 14). For the reasons that follow, the Motion is denied.

**I.**   **Background**

John Barnum, formerly an employee of Ameritas Holding Co., acquired during his employment a life insurance policy issued by Unum. (Doc. # 1-1 at 8). Ameritas terminated John Barnum as an employee on or about November 30, 2010. (Id.). According to the Complaint in this matter, "[u]pon his

termination, John T. Barnum elected portability coverage with [Unum], and portability coverage was issued to Mr. Barnum on January 5, 2011." (Id.).  The relevant policy provided life insurance coverage in the amount of $300,000.00.  (Id.).

John Barnum passed away on October 5, 2012.  (Id. at 9). Susan Barnum, the named beneficiary under the life insurance policy, subsequently made a claim for insurance benefits. (Id.).  Unum paid a portion of Susan Barnum's claim, but denied the remainder of the policy benefits.  (Id.).  As a result, Susan Barnum initiated this action in the Circuit Court for Hillsborough County, Florida, asserting her entitlement to the remainder of the policy benefits, totaling $267,899.00.  (Id.).

On February 27, 2014, Unum removed the action to this Court, maintaining that both federal question jurisdiction and diversity jurisdiction exist in this case.  Specifically, Unum contends that the case presents a federal question under 29 U.S.C. § 1132(e)(1) "[b]ecause this action involves a claim to recover benefits and to enforce rights under an employee welfare benefit plan, [and thus] it is governed by ERISA." (Doc. # 1 at 2).  Unum proceeded to file an Answer to the Complaint on March 4, 2014.  (Doc. # 6).

On March 17, 2014, Barnum filed the present Motion to Strike, explaining that she "moves to dismiss and/or strike Defendant's claim that this Court has subject matter jurisdiction under 29 U.S.C. § 1132(e) and to remand this case to the extent that the Court should order that Florida law is applied." (Doc. # 11 at 1). Barnum acknowledges that, "although this matter will remain in Federal Court even upon a finding in favor of the Plaintiff, the Court's determination of this motion will affect Plaintiff's right to a jury trial and to conduct discovery, all of which is precluded by ERISA." (Id.). Unum filed a response in opposition to the Motion on April 3, 2014. The Court has reviewed the Motion, as well as the response, and is otherwise fully advised in the premises.

## II. Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature." Royal Ins. Co. of Am. v. M/Y Anastasia, No. 95-cv-60498/RV, 1997 U.S. Dist. LEXIS 15595, at *10 (N.D. Fla. Jan. 30, 1997). "[A] court will not exercise its discretion under the rule to strike a

3

pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." <u>Reyher v. Trans World Airlines, Inc.</u>, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

As summarized above, Barnum does not dispute that removal of this case was proper due to the existence of diversity jurisdiction under 28 U.S.C. § 1332. Unum properly stated grounds for diversity jurisdiction in the Notice of Removal by alleging that "Plaintiff is a citizen and resident of the State of Florida," and "Unum is a corporation organized and existing pursuant to the laws of the state of Maine with its principal place of business in Portland, Maine." (Doc. # 1 at 6). Additionally, as stated on the face of the Complaint, Barnum asserts that she is entitled to $267,899.00 under the relevant policy. (Doc. # 2 at 2). This amount exceeds the jurisdictional threshold of $75,000.

Thus, because jurisdiction is appropriate on alternate grounds, the Court need not determine at this juncture whether the Court may or may not also have jurisdiction pursuant to 29 U.S.C. § 1132(e). Consistent with this determination, the Court finds that Barnum's Motion is, in substance, a motion to strike Unum's affirmative defense that this case arises under ERISA. Indeed, Unum asserts this position as its

Seventh Affirmative Defense within its Answer to the Complaint:

> Plaintiff's purported causes of action against Unum, if any, arise under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA"). To the extent Plaintiff's Complaint seeks remedies not provided for by ERISA, they are preempted by ERISA.

(Doc. # 6 at 5).

Affirmative defenses are subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(b)(1)(A) requires a party to "state in short and plain terms its defenses to each claim asserted against it[.]" Affirmative defenses are also evaluated against the touchstone of Rule 12(f). Courts may strike a defense if it has "no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties." Ayers v. Consol. Constr. Servs. of SW Fla., Inc., No. 2:07-cv-123, 2007 U.S. Dist. LEXIS 86596, at *2 (M.D. Fla. Nov. 26, 2007). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike." Fla. Software Sys., Inc. v. Columbia/HCA Healthcare Corp., No. 97-2866-CIV-T-17B, 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999). Guided by these standards, the Court finds Unum's

affirmative defense sufficient to withstand the present Motion to Strike.

The Court declines at this juncture to declare the policy's relationship to ERISA.  Such a determination would require the Court to answer mixed questions of law and fact, and "[a] motion to strike is not the vehicle to decide such issues."  Lazenby v. Liberty Life Assurance Co. of Boston, No. 2:13-cv-191-WKW, Doc. # 19 at 3 (M.D. Ala. Oct. 17, 2013) (declining to decide on a motion to strike whether a plaintiff's "insurance policy claim is not within the realm of ERISA").  The parties will have the opportunity to fully brief disputes such as the applicability of ERISA to a conversion policy (Doc. # 11 at 5), the extent to which Mr. Barnum's employer had any administrative or financial ties to the relevant policy (id. at 9), as well as the corresponding question of whether Florida law applies (Doc. # 14 at 7; Doc. # 11 at 1), at the summary judgment stage.  Barnum's Motion to Strike is accordingly denied.

Accordingly, it is

ORDERED, ADJUDGED, and DECREED:

Plaintiff Susan Barnum's Motion to Strike Defendant's Claim of Federal Preemption under 29 U.S.C. § 1132(e) as a

Basis for Removal of Plaintiff's State Court Claim (Doc. # 11) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of May, 2014.

Virginia M. Hernandez Covington
_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies: All Counsel of Record